UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ROBERT FOSTER,

            Plaintiff,            Case No. 1:16-cv-1081

v.                                        Honorable Janet T. Neff

UNKNOWN SHOUSE,

            Defendant.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Robert Foster presently is incarcerated at the Ionia Correctional Facility (ICF). He sues Mr. (unknown) Shouse, the ICF Food Service Manager for Trinity Services Group.

Plaintiff alleges that Defendant Shouse, as food service manager, was responsible for allowing dirty food trays to be sent to Plaintiff. Specifically, Plaintiff contends that, on August 8, 2016, he was served a breakfast meal on a tray that was dirty. Plaintiff complained to Sergeant Greenfield about the dirty tray. Greenfield informed Plaintiff that the food on the tray would be discarded in the trash. Plaintiff, however, had already consumed the food. He asserts that Trinity Food Service, under the management of Defendant Shouse, should not have allowed the food to be served on a dirty tray. Plaintiff alleges that he suffered mental anguish from being forced to choose between eating food from a contaminated tray or going hungry.

Plaintiff alleges that he sought medical treatment to determine whether he had been exposed to a blood-borne pathogen, but he was denied an HIV/AIDS test. He allegedly suffered stomach pains and diarrhea after eating the meal. For relief, he seeks compensatory and punitive damages. He also seeks an injunction requiring that employees of Trinity Food Service, rather than custody officers, deliver his food trays to his cell.

**Discussion**

I.   Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more

than labels and conclusions. *Id*. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff fails to make specific factual allegations against Defendant Shouse, other than his claim that Shouse failed to properly supervise his employees or manage the cleaning and

preparation of food trays. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendant Shouse engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against him.

Moreover, even if Plaintiff had alleged active conduct by Shouse, his complaint would fail to state a claim. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the

"minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998).

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced an objectively serious risk to his health or safety and that the defendant-official subjectively understood that risk and acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 960, 954 (6th Cir. 1987).

A variety of courts have held that the occasional delivery of food on dirty food trays does not meet the objective component of an Eighth Amendment claim. *See, e.g.*, *Wishon v. Gammon*, 978 F.2d 446, 449 (8th Cir.1992) (inmates routinely being served cold food contaminated with foreign objects does not amount to an Eighth Amendment violation); *Myers v. Aramark Food Servs.*, No. 15-1824-JDT-tmp, 2016 WL 4292639, at *4 (W.D. Tenn. Aug. 15, 2016) (holding that allegations that three instances of being served food on a dirty tray was insufficient to state an Eighth Amendment claim); *Lewis v. Jasso*, No. 1:11–cv-00369, 2011 WL 3667278, at *2 (E.D. Cal. Aug. 22, 2011) (citing *Lemaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) (isolated incidents of unsanitary food service are insufficient to state an Eighth Amendment claim)) (occasional use of "contaminated" food trays fails to state a claim). *Liles v. Camden Cty. Dep't of Corr.*, 225 F. Supp. 2d 450, 459 (D.N.J. 2002) (holding that the serving of spoiled food on a single occasion and regular

service on smelly trays was insufficient to support and Eighth Amendment claim); *Miles v. Konvalenka*, 791 F. Supp. 212, 213 (N.D. Ill. 1992) (concluding that discovery of a dead mouse on one prisoner's food tray does not state an Eighth Amendment claim); *Islam v. Jackson*, 782 F. Supp. 1111, 1114-15 (E.D. Va. 1992) (serving one meal contaminated with maggots and serving meals under unsanitary conditions for thirteen days was not cruel and unusual punishment, even though inmate suffered symptoms of food poisoning on one occasion. *But see Billioups v. Metro. Gov't of Nashville & Davidson Cty.*, No. 3:11-cv-0195, 2011 WL 3664682, at *1 (M.D. Tenn. Aug. 19, 2011) (holding that the delivery of a meal on dirty food trays on at least four occasions states an Eighth Amendment claim). In light of these authorities, Plaintiff's claim that he was served one meal on a dirty tray does not meet the objective component of the deliberate-indifference standard. *Mingus*, 591 F.3d at 479-80.

Moreover, Plaintiff fails to allege facts suggesting the Defendant was subjectively aware of a serious risk but disregarded it. At best, Plaintiff's allegations suggest negligence, which falls short of demonstrating an Eighth Amendment violation. *Farmer*, 511 U.S. at 837. For both reasons, Plaintiff's allegations therefore fail to support an Eighth Amendment claim.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no

good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  November 2, 2016         /s/ Janet T. Neff
                                 Janet T. Neff
                                 United States District Judge